## CIRCUIT COURT OF FAIRFAX COUNTY

Wayne L. Davis et al.

v.

Wyckland Homes
Ass'n, Inc., et al.

April 8, 2003

Case No. (Chancery) 180884

BY JUDGE JANE MARUM ROUSH

This matter came on to be heard on March 6, 2003, on the defendants' demurrer, plea in bar and motion to dismiss. At that time, the court denied the motion to dismiss, overruled the plea in bar, and took the demurrer under advisement. The court has now fully reviewed the pleadings, the briefs, and the arguments of counsel. For the reasons stated below, the court will overrule the demurrer.

*Facts*

The facts of this case are fully developed in the record and will be briefly summarized here.

The plaintiffs are all homeowners in the Wyckland subdivision in the Clifton area of Fairfax County. The defendants are the subdivision's homeowners' association, Wyckland Homes Association, Inc. (the "Association"), and the Association's board of directors (the "Board"). Wyckland consists of 53 lots. Twenty-three of the lots front on publicly maintained roads on the perimeter of the subdivision. Thirty of the lots are located on private roads within the subdivision. The subdivision has no common areas. The private roads were constructed on private lots and are the

subjects of ingress and egress easements for the benefit of all lot owners. The parties have referred to the lots that front on a private road as the "Affected Lots" and those that front on a public road as the "Non-Affected Lots." For ease of reference, I will adopt that nomenclature. The plaintiffs are all owners of Non-Affected Lots.

In 1999, the subdivision amended its declaration to grant the Board the authority "to levy special road assessments on lots served by the private roads of the subject property without also assessing lots that are served by publicly maintained roads." The 1999 amendment added Article 18 to the subdivision's declaration. Article 18 provides, in pertinent part:

> *Section 1. Special Road Assessments.* In addition to the annual assessments provided in the Declaration, the Association may levy during any year, acting by and through its Board of Directors, a special road assessment or assessments ("Special Road Assessment"), applicable to that year only, upon Affected Lots (defined below) for the purpose of defraying, in whole or part, the cost of any construction or reconstruction of or within, or inordinate repair or replacement of or within all or any part(s) of, the road easements provided in Paragraph 12 of the Declaration (hereinafter called the "Road Easement(s)"), provided that any such Special Road Assessment that would exceed $2,500 per lot in any year must first receive the affirmative votes of a majority of the voting members who are present in person or by proxy at a special meeting called in accordance with the Bylaws.
>
> *Section 2. Affected Lots.* "Affected Lots" shall be those lots that use one or more of the Road Easements for access to the dwellings constructed on such lots. . . . Lot 32 and any lot which does not use any of the Road Easements for access to the dwelling constructed on such lot are not Affected Lots, and will not be subject to the Special Road Assessment. . . .

Stipulation of Facts, Exhibit 1.

In 2002, the Association, acting through its Board of Directors, levied a special assessment on all lots in Wyckland for costs of repaving and maintaining the private roads. The owners of some of the Non-Affected Lots objected. The Board responded that the special assessment was not made pursuant to Article 18 of the declaration, but rather was made pursuant to the Board's general powers of assessment under Va. Code Ann. § 55-514.

Virginia Code § 55-514(A) provides, in pertinent part, as follows:

> In addition to all other assessments which are authorized in the declaration, the board of directors of an association shall have the power to levy a special assessment against its members if the purpose in so doing is found by the board to be in the best interests of the association and the proceeds of the assessment are used primarily for the maintenance and upkeep of the common area and such other areas of association responsibility expressly provided for in the declaration, including capital expenditures.

Virginia Code § 55-514(A).

The plaintiffs, each of whom owns a Non-Affected Lot, filed this cause, seeking injunctive and declaratory relief.

### The Demurrer

The defendants demur to the bill of complaint on several bases. Primarily, the defendants demur on the basis that the bill of complaint does not state a justiciable controversy because the disputed assessment was levied pursuant to Code § 55-514, not Article 18 of the declaration. Thus, the demurrer can be resolved by determining whether the Board can levy a special road assessment against Non-Affected Lots.

The Court concludes that Code § 55-514(A) does not give the Board the authority to make special assessments applicable to all lots in Wyckland for the costs of road maintenance and improvements in light of Article 18 of the declaration.

The authority to enact special assessments under Code § 55-514(A) is not unlimited. An assessment under that Code section must be "*in addition*" to "all *other* assessments which are authorized in the declaration." (Emphasis added.) In this case, a special road assessment is not an additional assessment not provided for by the subdivision's declaration. Instead, the special road assessment is specifically provided for in the declaration. The lot owners have already determined how special assessments for road improvements will be handled; they will be assessed only against Affected Lots.

The testimony adduced at the hearing on the plea in bar makes clear that there is considerable controversy among lot owners in Wyckland as to how the special assessments for road repair should be levied. Nonetheless,

until the declarations are amended, special assessments for road repairs can only be levied on Affected Lots.

## Conclusion

For the forgoing reasons, the demurrer will be overruled. The bill of complaint states a justiciable controversy. The factual allegations of the bill of complaint are sufficient to support the relief requested.